UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 2:16-cr-00094 |
| | ) |
| BRIAN FOLKS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On May 9, 2019, Brian Folks was convicted after a jury trial
on multiple counts of distribution of heroin and cocaine base; sex
trafficking by force, fraud, or coercion; sex trafficking of a
minor; and using the facilities of interstate commerce to promote
prostitution. *See* ECF No. 455.  Proceeding *pro se*, Folks filed an
Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or
Correct his Sentence.  ECF No. 609.  The government opposes Folks'
Amended Motion.  ECF No. 631.  The Report and Recommendation of the
United States Magistrate Judge was issued on March 7, 2025.  ECF
No. 639.  Folks filed his objections, after extensions granted by
this Court, on October 27, 2025.  ECF No. 644.

The Report and Recommendation addressed both Folks' claim of
ineffective assistance of counsel and his prosecutorial misconduct
claim.  Construed liberally, Folks argued that his counsel (1)
failed to challenge certain evidence recovered from a computer; (2)
failed to adequately challenge the credibility of government
witnesses; (3) failed to call certain witnesses and object to

certain evidence because of their conflicts of interest; and (4) failed to provide adequate appellate representation. *See* ECF No. 639 at 16 (describing liberal interpretation of Folks' motion).

In his objection to the Report and Recommendation, Folks only mentions the ineffective assistance of counsel claim, and within that he focuses in on his conflict of interest allegations. Folks mainly argues that the Report and Recommendation did not cite to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), and that this Court did not follow *Curcio* because it failed to secure his knowing, voluntary, and intelligent waiver of his right to a non-conflicted attorney. ECF No. 644 at 1-9. Folks then argues that this "legal error" caused him to "suffer[] 'prejudice'" because: (1) his defense counsel did not call three witnesses to testify; and (2) his defense counsel did not make an objection pursuant to the Confrontation Clause.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

After careful review of the file and the Magistrate Judge's Report and Recommendation (ECF No. 639), this Court ADOPTS the

2

Report and Recommendation in full for the reasons stated in the Report. As forth below, the Court adds additional analysis to address some of the objections raised by Folks.

<u>**Background**</u>

Attorneys Kaplan and Sen represented Folks through trial on the Fourth Superseding Indictment.[1] At some point, Folks requested hybrid representation. After a discussion, counsel declined to represent Mr. Folks in a hybrid counsel situation but told him that he could proceed *pro se* or continue with them. ECF No. 625 at 2; ECF No. 624 at 3; ECF No. 644 at 2.

The jury returned a verdict on May 9, 2019, finding Folks guilty on thirteen of the fourteen counts in the Fourth Superseding Indictment. The jury found Folks guilty of the drug conspiracy charged in Count One; the drug distribution charges in Counts Three, Five, Seven, Eight, and Nine; the forced sex trafficking charges in Counts Ten, Eleven, Twelve, Thirteen, and Fourteen; the sex trafficking of a minor charged in Count Fifteen; and the use of facilities of interstate commerce to promote prostitution charged in Count Sixteen. *See* Doc. 455 (Special Verdict Form). The jury acquitted Folks of the felon-in-possession-of-a-firearm charge in Count Two. The Court granted Folks' motion for acquittal on Count Eleven, a sex

---

[1] Prior to trial, Folks had been assigned four separate sets of counsel, and each reassignment and transfer resulted in significant delays. *See* ECF No. 512 at 2.

trafficking charge.

On September 4, 2019, months after the guilty verdict,
Attorneys Kaplan and Sen filed an *ex parte* motion to withdraw as
counsel.  ECF No. 502.  The motion stated the following:

> Defense counsel Mark Kaplan and Natasha Sen submit this
> *ex parte* motion to withdraw as Mr. Folks' counsel.  The
> attorney-client relationship has broken down and Mr.
> Folks should be appointed new counsel.
>
> Defense counsel and Mr. Folks have reached irreconcilable
> differences and Mr. Folks refuses to accept counsels'
> advice.  Mr. Folks also recently filed a complaint
> against Attorney Kaplan with the Professional Review
> Board.  While the PRB dismissed the complaint, Mr. Folks
> may appeal this decision, and this places counsel and Mr.
> Folks in an adversarial relationship.  The attorney-
> client relationship is no longer viable.
>
> Mr. Folks respectfully requests that the Court grant this
> motion to permit defense counsel to withdraw from
> representing him and appoint replacement counsel.

ECF No. 502.  This Court denied the motion, noting that Folks
expressed no complaints in the representation until the jury
verdict, and appointed attorney Barth "to share in the
representation of Folks."  ECF No. 512 at 4.  This Court further
stated that "[n]ew counsel can assist in communicating with Folks
in preparing any supplemental motions and/or sentencing, while
having trial counsel available to share knowledge of what
happened at trial."  *Id.* at 4.  The Court reasoned that "present
counsel has a crucially thorough understanding of the evidence at
trial," and "[t]here is no way that replacement counsel can match
their understanding of the factual and legal issues presented by
this case without dedicating many months to review of the

record." *Id.* The Court found that the appointment of Attorney
Barth would effectively "address counsel and Defendant's concerns
about continuing the attorney-client relationship." *Id.*

Through counsel, after trial, Folks also requested
permission to file *pro se* briefing, which this Court granted and
considered. *See, e.g.,* ECF No. 527; ECF No. 542; ECF No. 571.

### Objections

### I.   Actual Conflict and the Application of *Curcio*

The Report and Recommendation provided a detailed and thorough
background of this case. *See* ECF No. 639 at 2-11. This Court
finds that the Report and Recommendation also correctly analyzed
trial counsel's alleged conflict of interest and deficient
performance based on conflicting interests. *See* ECF No. 639 at 28-
50. Because Folks could not show *per se* or actual conflict, the
Report and Recommendation analyzed his claim as a potential
conflict of interest. ECF No. 639 at 29 (citing *United States v.
John Doe No. 1*, 272 F.3d 116, 125 (2d Cir. 2001)).

Folks objects to that analysis, and argues that he has
demonstrated an actual conflict of interest. In making his
argument, Folks cites to several Second Circuit cases, yet those
cases are all distinguishable. *See United States v. Levy*, 25 F.3d
146 (2d Cir. 1994) (actual conflict of interest present because of
joint representation, potential of being called as a witness,
prosecution by the same office, and undetermined role in another

5

defendant's flight); *United States v. Iorizzo*, 786 F.2d 52 (2d Cir. 1986) (actual conflict where counsel abandoned cross-examination of government's key witness because he had previously represented him); *United States v. Malpiedi*, 62 F.3d 465 (2d Cir. 1995) (actual conflict where attorney had previously represented key government witness and could not fully cross-examine her); *United States v. Kliti*, 156 F.3d 150 (2d Cir. 1998) (actual conflict where attorney faced the choice of testifying on behalf of his client or not presenting evidence of an exculpatory statement); *United States v. Lussier*, 71 F.3d 456 (2d Cir. 1995) (potential conflict where attorney had previously represented government witness).

The facts that Folks points to do not amount to an actual conflict. This Court addressed his concerns about the attorney-client relationship when they were raised, *see* ECF No. 512, and Folks has not added any facts tending to show that there was an actual conflict that required a *Curcio* hearing.

Folks now argues that his counsel was conflicted because he asked for hybrid representation and Attorneys Kaplan and Sen told him that this would not be possible, and that he could either represent himself or continue to proceed with them as counsel.[2] Folks chose to continue with them. It appears that Folks requested

---

[2] Folks also says that "the underlined portion of Ms. Sen's affidavit proves that Mr. Kaplan was not with her during his conversation with Petitioner." ECF No. 644 at 2. It is not clear what Folks means to add to his argument when he makes this point.

hybrid representation because he disagreed with decisions made by defense counsel. However, a defendant cannot establish an actual conflict of interest merely by "expressing dissatisfaction with [the] attorney's performance." *John Doe No. 1*, 272 F.3d at 126; *see also United States v. Jones*, 482 F.3d 60, 75 (2d Cir. 2006) ("As the only basis asserted by [defendant] for his claim that his attorneys had a conflict of interest is that he and they disagreed as to tactics, he has not shown an actual conflict of interest.").

Because an actual conflict comes with a presumption of prejudice that a defendant must otherwise affirmatively prove, courts have recognized that there is some level of incentive for a defendant to characterize ordinary ineffective assistance of counsel claims as conflict of interest claims. *United States v. Moree*, 220 F.3d 65, 69-70 (2d Cir. 2000); *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (if automatic reversal applied to disciplinary proceedings filed by defendants, such a rule would "invite criminal defendants anxious to rid themselves of unwanted lawyers to queue up at the doors of bar disciplinary committees on the eve of trial."). Still, when defendants express disagreements with attorneys "over whether to file certain motions, to pursue certain evidentiary leads, to object to the introduction of certain evidence at trial, and to call certain witnesses at trial" those disagreements do not amount to a conflict of interest between a defendant and his attorney, and instead are analyzed under the

7

*Strickland* standard. *United States v. White*, 174 F.3d 290, 296-97 (2d Cir 1999). A "routine disagreement" with counsel, even coupled with a request for substitute counsel and complaints regarding counsel's performance, does not rise to the level of a conflict of interest. *Id.*

Folks argues that he created an actual conflict of interest by filing a complaint against Attorney Kaplan. However, mere filing of a professional complaint, without more, does not create an actual conflict of interest. *See United States v. Contractor*, 926 F.2d 128, 134 (2d Cir. 1991) (where defendant filed a complaint with the bar association against his attorney but district court refused to relieve counsel, Second Circuit held that defendant "has offered only general allegations that his lawyer was concerned with her reputation" in light of the complaint, but "has offered no details about this conflict, and more importantly, no evidence concerning how this 'conflict' adversely affected his lawyer's performance."); *Winfield v. Roper*, 460 F.3d 1026, 1040 (8th Cir. 2006) ("Nothing in our precedent suggests that the mere filing of a malpractice action is sufficient to create a conflict of interest."). It is not unheard of for a defense attorney to face a complaint made by their client against them, while also continuing to provide competent and professional counsel. *See United States v. Reyes-Ballista*, 146 F.4th 100, 114 n.15 (1st Cir. 2025) ("[W]e follow the lead of our sister courts which have considered the

potential conflict of interest created when a defendant files or
threatens to file a criminal or ethical complaint against their
attorney and determine that the mere act of filing a grievance does
not necessarily create an actual conflict of interest.").

Folks also complains that Kaplan told him to "consider" using
Attorney Barth to represent him on appeal.  This is not a conflict.
Folks later did use Attorney Barth for his appeal, but that was
after an order from this Court.  ECF No. 512.

In sum, the general displeasure expressed by Folks towards his
defense attorneys does not amount to an actual conflict.  Where
"[t]hese expressions of dissatisfaction fall far short of
demonstrating" that Folks' interests and those of his attorney
"diverged with respect to a material factual or legal issue or to a
course of action[,]" and where "the record presents no evidence
that the district court reasonably should have known of any actual
conflict, no *Curcio* hearing was required."  *United States v.
Johnson*, 265 F. App'x 8, 10 (2d Cir. 2008).

## II.  Prejudice Suffered

This Court adopts the Report and Recommendation's analysis of
Folks' ineffective assistance claims under *Strickland*, which holds
that to prevail on an ineffective-assistance-of-counsel claim, a
claimant must establish two elements:

> (1) He "must show that counsel's performance was
> deficient," so deficient that, "in light of all the
> circumstances, the identified acts or omissions were
> outside the wide range of professionally competent

9

assistance," and (2) he must show "that the deficient
performance prejudiced the defense," in the sense that
"there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the
proceeding would have been different."

*Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (internal

citations omitted) (quoting *Strickland v. Washington*, 466 U.S. 668

at 687, 690, 694 (1984)).  In this case, Folks has shown neither

element.  Below, the Court addresses two additional points raised

by Folks.

### A. Witnesses

The Report and Recommendation carefully analyzed Folks'
arguments that his defense counsel was constitutionally ineffective
for failing to call five witnesses to testify at trial.  *See* ECF
No. 639 at 30-43.  The Court adopts the Report and Recommendation's
analysis, which separately addresses each of the five witnesses.

Folks now argues that three new witnesses (Ms. Simpson, Ms.
Francis, and Ms. Barber) should have been called, *see* ECF No. 644
at 8; 12.  However, Folks did not mention these three witnesses in
his original habeas petition.  *See* ECF No. 609.[3]  It is not
appropriate, then, for Folks to raise these witnesses in his
objections to that report.  In this circuit, district judges do
"not consider new arguments raised in objections to a magistrate

---

[3] Although the names do appear in Folks' Motion Requesting Leave of
Court to Amend Section 2255 Motion to Add Exhibits to Existing
Motion (ECF No. 629), especially in the exhibits attached thereto,
Folks did not alert the Magistrate Judge that he meant to add the
witnesses to his argument that his defense counsel was
constitutionally ineffective.

judge's report and recommendation that could have been raised
before the magistrate but were not." *United States v. Gladden*, 394
F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (cleaned up).  Similarly,
district courts generally do not consider new evidence raised in
objections to a magistrate judge's report and recommendation, where
that evidence could have been raised before the magistrate but was
not.  *See Fischer v. Forrest*, 286 F. Supp. 3d 590, 603 (S.D.N.Y.
2018); *see also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137
(2d Cir. 1994) ("In objecting to a magistrates' report before the
district court, a party has no right to present further testimony
when it offers no justification for not offering the testimony at
the hearing before the magistrate." (internal quotation marks and
citation omitted)).  Accordingly, the Court will not separately
consider Folks' argument regarding the additional witnesses.

     With this said, Folks devotes a fair amount of his affidavit
(attached to his objection to the Report and Recommendation at ECF
No. 644-1) to explaining to the Court that certain individuals were
not "minors" because they were over the age of 14 years old.  To
clarify: none of the charges in this case relied upon the
government showing that anyone was under the age of 14.  Under
Count 15, Folks was convicted of sex trafficking of a minor when
the jury found him guilty and found that Hannah A. had not attained
18 years of age (not 14 years of age).  *See* ECF No. 455 at 6.[4] The

---

[4] Count Fifteen of the Special Verdict Form reads:

Jury Charge and Fourth Superseding Indictment both specify the age of 18, not 14, for Count 15. *See* ECF No. 464 (Jury Charge) at 31-34; ECF No. 124 (Fourth Superseding Indictment) at 17.  In sum: Count 15, the only count under which Folks was convicted for sex trafficking of a minor, involved Hannah A. being under 18 years old at the time of the offense.

Separately, under Counts 10 through 14,[5] the jury found Folks guilty of having "knowingly…recruited, enticed, harbored, transported, provided, obtained, or maintained by any means" individuals "knowing or in reckless disregard of the fact that force, threats of force, fraud, or coercion would be used to cause" the individuals to engage in a commercial sex act.  *See* ECF No. 455 at 4-6; *see also* ECF No. 464 (Jury Charge) at 27-31.[6]  Folks was

---

Taking into account the facts of this case and the specific legal instructions given, indicate whether you find that the government has proven beyond a reasonable doubt that Brian Folks, between in or about May 17, 2013 and in or about May 18, 2013, knowingly, in or affecting interstate commerce, recruited, enticed, harbored, transported, provided, obtained, or maintained by any means Hannah A., that Hannah A. had not attained 18 years of age and having had a reasonable opportunity to observe Hannah A., knew or recklessly disregarded the fact that Hannah A. would be caused to engage in a commercial sex act, as alleged in Count XV of the indictment[.]

ECF No. 455 at 6.
[5] Again, the Court granted Folks' motion for acquittal as to Count 11.  *See* ECF No. 520.
[6] Folks' confusion may stem from his convictions under 18 U.S.C. § 1591 and the wording of that statute.  The Fourth Superseding Indictment cites to 18 U.S.C. § 1591(b)(1), which describes certain punishments for offenses under subsection (a)

convicted under these counts for sex trafficking by force, fraud, or coercion—not sex trafficking of a minor.

That portion of the statute referring to age 14 did not apply.

**B.  Confrontation Clause**

Finally, Folks' Confrontation Clause argument is conclusory.[7] He states that his counsel failed to cross-examine two of the Government's witnesses, Hannah A. and Victoria L., because they "were deceased at the time of trial."  ECF No. 644 at 13.  Folks does little to elaborate what he means by this.  To clarify,

---

that are punishable "by a fine under this title and imprisonment for any term of years not less than 15 or for life."  *Id.*  However, though 18 U.S.C. § 1591(b)(1) does mention a person who has not attained the age of 14 years at the time of the offense, that is only one of the situations that it applies to.  *See* 18 U.S.C.§ 1591(b)(1) (stating that the punishment for an offense under subsection (a) is: (1) "if the offense was effected by means of force, threats of force… <u>or</u> by any combination of such means… <u>or</u> if the person recruited, enticed, harbored, transported…had not attained the age of 14 years… by a fine under this title and imprisonment for an term of years not less than 15 or for life[.]" (emphasis added)).  In other words, (b)(1) applies both to cases in which the individual recruited had not attained the age of 14 years at the time of such offense, as well as cases in which "the offense was effected by means of force, threats of force, fraud, or coercion."  *Id.*  18 U.S.C. § 1591(b)(2), on the other hand, applies to offenses where the person recruited "had attained the age of 14 years but had not attained the age of 18 years at the time of such offense."  18 U.S.C. § 1591(b)(2).  This is why the Fourth Superseding Indictment cites to 18 U.S.C. § 1591(b)(1) for Counts 10 through 14 (sex trafficking by force, fraud, or coercion), but (b)(2) for Count 15 (sex trafficking of a minor).  *See* ECF No. 124 at 12-17.

[7] Folks seems to object to the Report and Recommendation not for ignoring his Confrontation Clause argument, which he implicitly acknowledges he did not make, but for failing to construe his other arguments as a Confrontation Clause argument because that is his "strongest argument."  *See* ECF No. 644 at 13.

neither of these witnesses appear on the trial witness list. ECF No. 459. They were deceased and they were not called as witnesses: therefore, counsel could not have cross-examined them at trial. Nor does it seem likely that Folks is arguing that counsel should have made a Confrontation Clause objection to statements made that *related to* the two deceased witnesses, because counsel *did* make such an objection. ECF No. 352 (Defendant's motion *in limine* to exclude evidence related to deceased witnesses). The motion was fully briefed (*see* ECF No. 369), and this Court ruled upon it (*see* ECF No. 389 at 6-7).[8]

It is possible that Folks is arguing that photographic or

---

[8] The Court's Order, as it related to the evidence related to the deceased witnesses, said:

> Defendant seeks to exclude evidence related to two deceased witnesses, H.A. and V.L.
>
> Defendant seeks to exclude certain statements made by other witnesses about H.A., specifically, about being present while certain pictures were taken of H.A. Witnesses may testify as to what they personally saw or heard. If the testimony veers into hearsay, Defendant may object at trial.
>
> Defendant also seeks to exclude certain police reports concerning V.L. and Defendant. The Government has stated that it does not intend to introduce any statements from those police reports in its case-in-chief.
>
> For these reasons, Defendant's motion is **denied**. If H.A. and V.L. are discussed at trial, the Court will issue an instruction informing the jury that the person discussed is unavailable for trial and instructing the jury to not consider either side's failure to call that person.

ECF No. 389 at 6-7.

video evidence of Hannah A. and Victoria L. should not have been introduced at trial because the witnesses were deceased and thus the Confrontation Clause was violated.  However, this is not the type of evidence that the Confrontation Clause applies to.  The Supreme Court has construed the Confrontation Clause as "appl[ying] to 'witnesses' against the accused—in other words, those who 'bear testimony.'" *Crawford v. Washington*, 541 U.S. 36, 51 (2004).  The photographs introduced during trial did not bear testimony.  *See, e.g., United States v. Brooke*, 772 F.3d 1161, 1167 (9th Cir. 2014) (rejecting argument that admission of photographs violated the Confrontation Clause).  Counsel was not ineffective for failing to raise a Confrontation Clause objection that was bound to fail.

## Conclusion

The Court adopts the Report and Recommendation's analysis, and adds some additional analysis in this Opinion.  Folks does not advance separate arguments as to the Report and Recommendation's recommended rulings on his other motions.  Accordingly, the Court orders that Folks' Amended Motion Under § 2255 (ECF No. 609) is DENIED.  The Court also DENIES: (1) Folks' Motion for Evidentiary Hearing and Appointment of Counsel During That Hearing (ECF No. 618); Folks' Motion to Remove Protecti[ve] Order (ECF No. 619); and Folks' Motion for Discovery (ECF No. 620).  The Court GRANTS Folks' Motion to Amend to add exhibits (ECF No. 629).  Finally, because Folks has not made a substantial showing that he was denied any

constitutional rights, *see* 28 U.S.C. § 2253(c)(2), the Court
DECLINES to issue a certificate of appealability.


    DATED at Burlington, in the District of Vermont, this 25th day
of November 2025.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge
